IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACROPETAL TECHNOLOGIES LTD. AND ACROPETAL, INC., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. **3:14-CV-3807-L** |
| CLIENTIS-S3G, INC. AND SENTHIL ANGAMUTHU, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Defendants Clientis-S3G, Inc. and Senthil Angamuthu's Motion to Dismiss (Doc. 8), filed January 9, 2015. After considering the motion, briefs, record, and applicable law, the court **denies** Defendants Clientis-S3G, Inc. and Senthil Angamuthu's Motion to Dismiss (Doc. 8) for lack of personal jurisdiction.

**I.   Factual and Procedural Background**

On October 23, 2014, Plaintiffs Acropetal Technologies Ltd. and Acropetal, Inc. (collectively, "Plaintiffs" or "Acropetal") brought this action against Defendants Clientis-S3G, Inc. ("Clientis-S3G") and Senthil Angamuthu ("Angamuthu") (collectively, "Defendants"). On October 26, 2014, Plaintiffs filed their First Amended Complaint to Recover a Sum Certain ("Complaint") alleging breach of contract, unjust enrichment, and promissory estoppel. Plaintiffs allege that in the spring of 2011, Angamuthu, the majority shareholder of Clientis-S3G, approached them and offered to sell Clientis-S3G and indicated that the company needed funds for day-to-day operations. Plaintiffs allege that they were interested in purchasing Clientis-S3G and agreed to pay a sales deposit of $150,000. Plaintiffs allege that if they did not ultimately purchase Clientis-S3G, the

money was to be treated as a loan. Plaintiffs allege that the checks Defendants used to repay the $150,000 were returned for insufficient funds. Plaintiffs allege: "Rather than repaying Acropetal as promised, Angamuthu attempted to defraud Acropetal out of additional funds. In a final attempt to avoid repaying the $150,000.00, Angamuthu falsely informed Kumar that Clientis-S3G had been sold." Pls.' Am. Compl. 6.

On January 9, 2015, Defendants moved to dismiss the action against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Instead of responding to the motion to dismiss, Plaintiffs filed their Motion in Opposition to Defendants' Motion to Dismiss on February 2, 2015, presumably because the deadline to respond to the motion to dismiss had expired. The court construes Plaintiffs motion as a response to the motion to dismiss. Defendants did not file a reply in support of their motion.

## II.    Dismissal Under Rule 12(b)(2)—Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be

taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be

subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id*. (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

Defendants contend that they do not have minimum contacts with Texas and, contrary to Plaintiffs' assertion, they do not do business in the state. Defendants contend that Plaintiffs' claims arise from their contacts with Plaintiffs in India, the place where the parties entered into a Loan Agreement and Memorandum of Understanding. Defendants assert that Plaintiffs fail to explain that

**Memorandum Opinion and Order – Page 4**

the $150,000 loaned to Defendants was wired from India to a bank in Georgia, where Defendants are citizens. Defendants assert that if, as Plaintiffs contend, there was any fraud in the transaction, it would have taken place in India, not Texas. Defendants contend that the loan documents and post-dated checks referred to by Plaintiffs were signed in India and the other documents relied on by Plaintiffs do not provide a basis for personal jurisdiction. Defendants contend that, other than Plaintiffs' allegation regarding a "final meeting in Dallas," there is no specific allegation in the Complaint regarding acts by Defendants undertaken in Texas, and Plaintiffs' allegations instead refer to their own business activities in Texas. Defendants contend that Plaintiffs' business activities in Texas and one meeting in Dallas do not show that Defendants had purposeful contacts with the forum sufficient for the assertion of personal jurisdiction. Defendants assert that specific jurisdiction cannot be conferred, because none of Plaintiffs claims arises from Defendants' contacts with Texas. In support of their motion, Defendants submitted the declaration of Angamuthu.

Plaintiffs respond that, contrary to the declaration of Angamuthu, the following facts and evidence submitted by them are sufficient to confer personal jurisdiction over Defendants:

> 5. In the course of purchase and sale negotiations Defendants provided Plaintiff with detailed operation, asset and holding information. In September 2011 Defendant provided Plaintiff with a Due Diligence Report (attached as Exhibit A). Contrary to Angamuthu's sworn declaration that neither he nor Clientis ever conducted any business in the State of Texas (See Exhibit B- Affidavit of Senthil Angamuthu), Defendants not only conducted business in Texas, but maintained a sales office in Texas (See Exhibit A page E4).
>
> 6. Additionally, Clientis-S3G's website, which prominently features Senthil Angamuthu, identifies Cypress, Texas 77429, as one of its four sales offices (See Exhibit C, ClientisS3G website pages).
>
> 7. Defendant claims that most of the meetings between the Parties occurred in India, and only five "visits" took place in Dallas. However the same amount of meetings occurred in both locations (See Exhibit B- Affidavit of Senthil Angamuthu).

> 8. Finally, although Defendant downplays the relevance and purpose of his five visits to Dallas, referring to them as 'personal, short and initiated by Ravi Kumar,' these meetings were in fact initiated by Defendant, as evidenced by the attached email wherein Angamuthu thanks Plaintiff for agreeing to meet with him in Dallas (See Exhibit D); and it is clear from this email that the purpose of the meeting was certainly not "just a personal short visit," but was in fact a business meeting.

Pls.' Resp. 5.

Having reviewed the parties' arguments, jurisdictional evidence, and applicable law, the court determines that Plaintiffs have made a prima facie showing sufficient to allow this court to exercise specific jurisdiction over Defendants. Taking all uncontroverted allegations in the pleadings as true, and resolving all factual disputes in Plaintiffs' favor, as the court must, Plaintiffs have made a prima facie showing that Defendants maintain a business presence in Texas, and some or all of the representations by Defendants regarding the loan and Defendants' repayment of the loan that gave rise to this action took place in Texas. In making this determination, the court resolves all conflicts between the facts contained in the parties' evidence in Plaintiffs' favor. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999); see also *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 869 (5th Cir. 2000) (stating that court must "accept as true the uncontroverted allegations in the complaint and resolve in favor of plaintiff any factual conflicts."). Accordingly, the court concludes that Plaintiffs have made a prima facie showing that Defendants established minimum contacts with Texas sufficient for this court to exercise general and specific jurisdiction over them, and that Plaintiffs' claims based on breach of contract, unjust enrichment, and promissory estoppel arise out of those minimum contacts. In addition, the court finds that Defendants have not presented a "compelling case" that exercising jurisdiction over them would be unreasonable under the circumstances. *See Burger King*, 471 U.S. at 477. Accordingly, the court will deny Defendants' motion to dismiss all claims against them for lack or personal jurisdiction.

**Memorandum Opinion and Order – Page 6**

### III.    Conclusion

For the reasons stated, the court **denies** Defendants Clientis-S3G, Inc. and Senthil Angamuthu's Motion to Dismiss (Doc. 8) for lack of personal jurisdiction.

**It is so ordered** this 22nd day of September, 2015.

Sam A. Lindsay
United States District Judge